RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  08 / 12 / 05
BY   JDB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOE D. BURNS,<br>    Petitioner | CIVIL ACTION<br>SECTION "P"<br>NO. CV04-2235-A |
| VERSUS | |
| ROBERT TAPIA, WARDEN,<br>    Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Joe D. Burns ("Burns") on October 27, 2004. Burns is contesting his continued incarceration by the United States Bureau of Prisons ("BOP"), alleging he completed his federal sentence in August 2004. Burns was convicted, pursuant to a guilty plea entered in the United States District Court for the Western District of Texas, of a drug offense and sentenced to 24 months imprisonment. Burns is presently incarcerated in the United States Penitentiary in Pollock, Louisiana.

The sole issue raised by Burns in his habeas petition is whether the BOP erred in not counting the time he was in state custody, midway through his federal sentence, toward his federal sentence.

## Law and Analysis

Burns was arrested by the state of Texas on March 15, 2002, and transferred to federal custody pursuant to a writ (Doc. Item 4, Exs.). Burns was convicted and sentenced on September 24, 2002 (Doc. Item 4, Exs.). Burns was then imprisoned by the BOP (Doc. Item 4, Exs.); according to Burns, that lasted until January 10, 2003, when the BOP transferred Burns to Texas state custody (Doc. Item 1). Burns was sentenced in Texas on April 14, 2004 to two years imprisonment, which he then served (Doc. Item 4, Exs.). After completing the Texas state court sentence, Burns was returned to federal custody for completion of his federal sentence (Doc. Item 4, Exs.). Burns alleges the BOP mistakenly incarcerated him instead of returning him to Texas right away, and argues that, since he has a right to serve his federal sentence continuously and uninterrupted, which was violated by the BOP's alleged mistake, he is entitled to credit on his federal sentence for time served on his state sentence. On October 27, 2004, Burns file this motion for writ of habeas corpus pursuant. On November 16, 2004, Burns filed a motion in the federal sentencing court to have his state and federal sentences made to run concurrent. That motion was denied. U.S.A. v. Burns, Docket No. 02-CR-77-ALL (W.D.Tex. May 14, 2002).

Burns contends that, had the BOP counted the state custody time, he would have completed his federal sentence in August 2004.

2

Burns argues that the BOP's unilateral transfer of Burns to the state was not Burns' fault, so an interruption in his federal sentence is not mandated by statute.[1]

Burns has not stated a claim for habeas relief. The case of Free v. Miles, 333 F.3d 550 (5th Cir. 2003), involved essentially the same situation, where a state prisoner on "loan" to federal authorities was convicted, sentenced, and began serving his federal sentence through a mistake of the federal authorities, then returned to state custody after serving less than his full federal sentence in federal custody, completed his state sentence, then was returned to federal custody to complete his federal sentence. Free wanted credit on his federal sentence for time spent in state custody, since his sentence was being served piecemeal. The Fifth Circuit discussed the common-law rule that a prisoner is entitled to credit for time served when he is incarcerated discontinuously through no fault of his own, noting the sole purpose of the rule is to prevent the government from abusing its coercive power to imprison a person by artificially extending the duration of his sentence through releases and re-incarcerations. Free, 333 F.3d at 554. In Free, the Fifth Circuit reasoned that, since Free was serving the correct total time of his consecutive state and federal

---

[1] Burns argues the BOP's transfer of him to Texas is analogous to cases involving the inadvertent release of prisoners, and cites cases from the Seventh, Ninth, and Tenth Circuits, some of which were discussed by the Fifth Circuit in Free. This court, of course, must follow the Fifth Circuit.

3

sentences, there was no violation of the rule against piecemeal incarceration that results in the elongation of a prison sentence. Free, 333 F.3d at 555. See also, Patterson v. Dretke, 995 Fed. Appx. 705 (5th Cir. 2004).

As was the case in Free, Burns is serving the correct total time for his consecutive state and federal sentences; Burns' federal sentence has not been lengthened. If, as Burns alleges, the federal authorities mistakenly incarcerated Burns on his federal sentence, resulting in his having to serve the remainder of his federal sentence after he finished serving his state sentence, Burns has not suffered any prejudice from the mistake. That mistake, if one was made, is not a "get out of jail free card" entitling Burns to serve less time than the courts imposed and intended.

Since Burns has not stated a claim which entitles him to habeas relief, his petition should be denied and dismissed with prejudice.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Burns' habeas action be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 12th day of August, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE